14-1490

*Michael G. Brautigam, An individual, v. Claes Dahlback, Stephen Friedman, James A. Johnson, Lloyd C. Blankfein, William W. George, Gary D. Cohn, David Viniar, Goldman Sachs Group, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

───────────────

MICHAEL G. BRAUTIGAM, An individual,

            *Plaintiff-Appellant,*

    -v.-                                    No. 14-1490

CLAES DAHLBACK, STEPHEN FRIEDMAN, JAMES A. JOHNSON, LLOYD C. BLANKFEIN, WILLIAM W. GEORGE, GARDY D. COHN, DAVID VINIAR, GOLDMAN SACHS GROUP, INC.,

*Defendants-Appellees.*

FOR APPELLANTS:    ROBERT A. JIGARJIAN (Jeremy A. Lieberman,
                   Pomerantz, LLP, New York, NY; John G. Emerson,
                   Emerson Poynter LLP, Houston, TX; William T.
                   Crowder, Emerson Poynter LLP, Little Rock, AR, *on the
                   brief*), Jigarjian Law Office, San Rafael, CA.

FOR APPELLEES:     ROBERT J. GIUFFRA, JR. (Richard H. Klapper,
                   Theodore Edelman, , David M.J. Rein, Benjamin R.
                   Walker, *on the brief*), Sullivan & Cromwell LLP, New
                   York, NY.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, District Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Michael G. Brautigam appeals from the district court's

Opinion & Order, dated March 26, 2014, granting Defendants-Appellees' motion

to dismiss.  We assume the parties' familiarity with the underlying facts,

procedural history, and issues for review.[1]

---

[1] Where "determination of the sufficiency of allegations of futility depends on the circumstances of the individual case," the standard of review for dismissals based on Federal Rule of Civil Procedure 23.1 is abuse of discretion.  *Kaster v. Modification Sys. Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984).  "However, where a challenge is made to the legal precepts applied by the district court in making a

Appellant argues that the district court erred by evaluating his demand futility argument under *Rales v. Blasband*, 634 A.2d 927 (Del. 1993), which, in derivative cases that do not involve a challenge to an action by the company's board of directors, requires courts to determine whether there is a "reasonable doubt that . . . the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Id.* at 933–34.[2]  Appellant contends that the rule set forth in *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984), which generally applies to allegations of affirmative Board action, is more appropriate.  On a *de novo* review, we agree with the well-reasoned opinion of the district court that the *Rales* standard is applicable here. The Complaint did not aver with particularity that Appellees had any role in formulating the alleged statements or otherwise made any decisions about what information to include or exclude from its disclosures.  *See Rales*, 634 A.2d at 933 ("The absence of board action, therefore, makes it impossible to perform the

discretionary determination, plenary review of the district court's choice and interpretation of those legal precepts is appropriate."  *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 137 (2d Cir. 2004).  We need not, and do not, address whether an abuse of discretion standard is appropriate for dismissals based on the sufficiency of the allegation of futility because our decision would be the same under *de novo* review.  *See id.* at 137 n.6.

[2] In determining whether demand is excused, we apply the substantive law of Delaware.  *See MBIA Inc. v. Federal Ins. Co.*, 652 F.3d 152, 163 (2d Cir. 2011).

essential inquiry contemplated by *Aronson*—whether the directors have acted in conformity with the business judgment rule in approving the challenged transaction.").

Appellant contends that the district court erred in failing to infer from the pleadings that Appellees Dahlback, Friedman, Johnson, and George could not exercise disinterested business judgment in responding to his demand because, if the derivative claim proceeded, they would face a "substantial likelihood" of personal liability for breaching their duties of loyalty. *Rales*, 634 A.2d at 936. Again we agree with the well-reasoned views of the district court. The district court clearly did not abuse its discretion when it found that the Complaint failed to make particularized pleadings that Appellees Dahlback, Friedman, Johnson, or George made decisions regarding collateralized debt obligations ("CDOs"), "knew what disclosures were and were not made to prospective CDO investors, or had knowledge of any details of Goldman's transactions regarding the short and long positions it took in the CDOs." *Brautigam v. Blankfein*, 8 F. Supp. 3d 395, 405 (S.D.N.Y. 2014); *see In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 968–71 (Del. Ch. 1996).

We have considered Appellant's remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk